FILED
2018 Aug-20  PM 01:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **SAMFORD UNIVERSITY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 2:18-cv-01092-JHE** |
| | ) | |
| **STERICYCLE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## JOINT RULE 26(f) REPORT

1.     Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties met in person on August 7, 2018.   The participating counsel were as follows:

Plaintiff, Samford University:  Benjamin B. Coulter[1]
            Jacob Burchfield

Defendant, Stericycle, Inc.:   L. Conrad Anderson IV
            Steven C. Corhern

 **(a) Plaintiff's brief narrative statement of the facts and the causes of action:**

Plaintiff contracted with Defendant to remove medical waste from several locations on its campus from 2005 to 2017. Plaintiff alleges that Defendant's agents represented to it that the contracts would be flat-fee, and that rates for

---

[1] Coulter participated by telephone.

32233595 v1

Defendant's services could only increase for certain, contractually designated reasons. Defendant, however, knew when it induced Plaintiff to enter into the contracts that it would impose automated price increases of approximately 18% per year for no reason other than to increase its revenues. In fact, Defendant's imposition of automated price increases was a deliberate scheme perpetrated on its customers nationwide. Defendant proceeded to charge Plaintiff ever-increasing fees over a period of several years. Whenever Plaintiff questioned Defendant's practices, Defendant concealed the reasons for its price increases and offered bogus explanations to justify them. Because of Defendant's fraudulent practices, Plaintiff continued on as a customer of Defendant for years before it finally terminated the business relationship in 2017.

Based on Defendant's practices described above, Plaintiff brings the following causes of action: (1) Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and Illinois Deceptive Trade Practices Act; (2) Fraudulent Inducement; (3) Fraud; (4) Fraudulent Suppression; (5) Breach of Contract; and (6) Unjust Enrichment/Money Had and Received.

**(b)    Defendant's brief narrative statement of the facts and defenses:**

Stericycle agrees that it had a contract with Plaintiff and contends that this case is solely about Plaintiff's alleged breach of that contract. Accordingly, Plaintiff's claims for fraud, deceptive business practices, and unjust enrichment

32233595 v1

fails as a matter of law. Moreover, Plaintiff waited too long to bring its claims and, accordingly, they are barred by the statute of limitations.

Further, Stericycle denies that the alleged price increases were not permitted by the Parties' contract. Plaintiff was fully aware of the price increases, which were disclosed on the Plaintiff's invoices. Accordingly, Plaintiff's breach of contract claim is barred by a number of defenses, including waiver, ratification, the doctrine of accord and satisfaction, and the voluntary payment doctrine.

2.      **Pre-Discovery Disclosures.**  The parties will exchange by **August 10, 2018,** the information required by Federal Rule of Civil Procedure 26(a).

3.      **Discovery Plan.**    The parties jointly propose to the Court the following discovery plan[2]:

Discovery will be needed on the following issues.

(1)    Plaintiff's claims and Defendant's defenses;

(2)    Plaintiff's alleged damages;

(3)    Any expert testimony identified by any party;

(4)    *Plaintiff's Position* — Plaintiff will seek discovery including but not limited to the following subjects:

- Defendant's practice of imposing Automated Price Increases on Small Quantity customers such as Plaintiff.

---

[2] The parties agree, to the extent possible, that service of discovery can be perfected by email, and which does not have to be followed by duplicative service through regular U.S. Mail. Further, service of pleadings will be perfected upon filing of the pleading with the court's CM-ECF system, with no party requiring service by U.S. Mail.

- Defendant's policies and procedures for calculating the prices it charged Small Quantity customers such as Plaintiff.

- Defendant's sales practices.

- Defendant's representations to Plaintiff and other similarly situated Small Quantity customers related to its Steri-Safe Agreement.

- Defendant's actual costs incurred in providing services to Small Quantity customers such as Plaintiff.

- Defendant's practices related to its disposal of "red box" waste.

- Defendant's policies and procedures for addressing customer questions and complaints related to its imposition of automated price increases.

- Defendant's representations to Plaintiff, and other similarly situated Small Quantity customers, related to its billing practices, including but not limited to its reasons for price increases.

- Any and all communications between Defendant and Plaintiff.

- Any and all documents related to Plaintiff's account with Defendant.

(5)   *Defendant's Position* — Defendant does not agree that discovery is necessary or appropriate with respect to certain of the subjects listed by Plaintiff (e.g., representations to, complaints by, or any other activities concerning customers other than the Plaintiff). Defendant will object to such discovery requests in accordance with the Rules, but states its position here to give notice that it does not waive any objections. Defendant will seek

discovery including but not limited to the following subjects: all facts and claims alleged in Plaintiff's complaint and defenses raised in Defendant's answer, including but not limited to the contract(s) between Plaintiff and Defendant, communications and correspondence between Plaintiff and Defendant, communications and correspondence between Plaintiff and any third-parties concerning the allegations of the Complaint, the evidentiary basis for each and every allegation of the Plaintiff, including Plaintiff's claimed damages, and documents relating thereto.

(b)    Discovery Plan.    The parties jointly propose to the Court the following discovery plan:

(i)    All discovery shall be commenced in time to be completed by **March 8, 2019.**

(ii)    A maximum of thirty (30) interrogatories by Plaintiff to Defendant, and a maximum of thirty (30) interrogatories by Defendant to Plaintiff.  (Responses due 30 days after service.)

(iv)    A maximum of thirty (30) requests for admission by Plaintiff to Defendant, and a maximum of thirty (30) requests for admission by Defendant to Plaintiff. (Responses due 30 days after service.)

(v)    The maximum number of depositions (whether on oral examination or written questions) that may be taken by Plaintiff or by Defendant is ten (10), excluding experts.

(vi)    Reports from retained experts under Rule 26(a)(2) shall be due:

(1)    From the Plaintiff by **January 11, 2019**; and

(2)    From the Defendant by **February 8, 2019**.

(vii)    Supplementations under Rule 26(e) shall be due as required pursuant to Federal Rule of Civil Procedure 26.

5

(viii)  Disclosure of discovery of electronically stored information (ESI) should be handled as follows:

    (1)  The production of ESI should be done in .pdf format when practicable.

    (2)  If any party withholds information claiming a privilege or protection as trial-preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable other parties to assess the applicability of the privilege or protection.

    (3)  All parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material.

(ix)  The parties will require entry of a protective order under Rule 26(c) because some of the documents and information subject to discovery contains the Defendant's trade secrets and other confidential and non-public commercial information.

4.  **Other Items.**

    (a)  The parties do not request a conference with the court before entry of the scheduling order.

    (b)  The parties request a pre-trial conference on or about **May 10, 2019.**

    (c)  Plaintiff should be allowed until **November 9, 2018,** to join additional parties and amend the pleadings.

    (d)  Defendant should be allowed until **December 7, 2018** to join additional parties and amend the pleadings.

32233595 v1

(e)     All potentially dispositive motions should be filed by **April 5, 2019**.

(f)     Settlement of the case may be possible, but at this time alternative dispute resolution procedures do not appear to be necessary.  If any of the parties believe the use of alternative dispute resolution procedures may be beneficial in resolving this case, the parties, individually or jointly, will so advise the court.

(g)     Witness and Exhibit lists under Rule 26(a)(3) shall be due **30 days** prior to trial.  The parties will have **14 days** after receipt of Witness and Exhibit Lists to list objections under Rule 26(a)(3).

(h)     The case should be ready for trial by **June 2019** and trial should take approximately three (3) to four (4) days.

(i)     The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record).  The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email.  The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

(j)     The parties jointly agree that the inadvertent disclosure of any information or document subject to attorney-client privilege or work-product protection does not operate as a waiver in any federal or state proceeding of said privilege or protection. In the event that any information or document subject to the attorney-client privilege or work-product protection is inadvertently disclosed, the party making the inadvertent disclosure will take

7

reasonable steps to rectify the error, including the procedure outlined in Fed. R. Civ. P. 26(b)(5)(B). In accordance with Fed. R. Evid. 502, the parties request that the Court's Scheduling Order provide that any party's inadvertent disclosure of any information or document subject to the attorney-client privilege or work-product protection connected with this litigation shall not operate as a waiver of the privilege or protection in this or any other federal or state proceeding.

| | |
|---|---|
| */s/ Benjamin B. Coulter* | */s/ L. Conrad Anderson IV* (with permission) |
| Edward L. Hardin, Jr. | L. Conrad Anderson IV |
| Anthony C. Harlow | Steven C. Corhern |
| Benjamin B. Coulter | BALCH & BINGHAM LLP |
| Jacob Burchfield | Post Office Box 306 |
| BURR & FORMAN LLP | Birmingham, AL 35201-0306 |
| 420 North 20th Street, Suite 3400 | Email:  canderson@balch.com |
| Birmingham, AL 35203 |          scorhern@balch.com |
| Email:      ehardin@burr.com | |
|                tharlow@burr.com | *Counsel for Defendant,* |
|                bcoulter@burr.com | *Stericycle, Inc.* |
|                jburchfield@burr.com | |
| | |
| *Counsel for Plaintiff,* | |
| *Samford University* | |

32233595 v1